WATSON, Judge.
Diana Kay Ardoin, plaintiff, has appealed, as inadequate, a $100 jury verdict in her favor against defendant, State Farm Mutual Automobile Insurance Company. Plaintiff’s claim is for injuries sustained while she was a guest passenger in a Toyota automobile driven by Debbie Royer and owned by plaintiff’s father, Allen R. Ar-doin, which was involved in a one vehicle accident on a Texas highway. State Farm has answered the appeal, contending that plaintiff failed to prove negligence on the part of Miss Royer and that the jury should have given judgment in favor of defendant.
The issues, therefore, are: (1) did the jury abuse its much discretion in awarding plaintiff the sum of $100 for her damages; and (2) was there manifest error in the finding of liability ?
The only two witnesses who testified were plaintiff and her father. A report *373 from Dr. G. E. Barham, plaintiff’s attending physician, was received into evidence and was'read to the jury.
Considering first plaintiff’s appeal as to the amount awarded her by the jury, we note that her testimony indicated only minimal injuries, mostly a bruise to the right hip. Dr. Barham’s report did not mention her bruised hip but confirmed the fact that she spent several days in the hospital, beginning approximately one week after the accident, her chief complaint being headaches. The doctor’s report did not specify any objective findings related to the automobile accident, although he mentioned low back pain and a depressive reaction, both of which were included in her complaints. The jury heard plaintiff’s testimony and the doctor’s report. The trier of fact is accorded much discretion in awarding damages. We do not find that its discretion was abused in this case. LSA-C.C. art. 1934.
As to the other issue, defendant contends that the evidence was insufficient for the jury to find liability.
Plaintiff testified that she and Miss Royer were on an overnight trip to Wichita Falls, Texas, and had been traveling since approximately 8:00 p.m. of the previous evening when early the following morning, February 8, 1973, the Toyota automobile left the road after crossing a bridge and went down an embankment into a ditch. Miss Royer was driving, the weather was clear and cold. Plaintiff testified that they had heard radio warnings of ice on bridges and, not too long before the accident, they had passed a three-vehicle wreck on the opposite side of the road.
Although there is reference throughout the proceedings to ice on the bridge, there was no actual testimony by plaintiff that she saw any ice. Her testimony indicates simply that they were riding along when for some reason Miss Royler lost control of the automobile, it ran off the road and wrecked. The owner of the vehicle, plaintiff’s father, testified that the Toyota had good tires and that the vehicle was in good condition, having been checked before the trip by the Toyota dealer in Lakes Charles.
Miss Royer was subpoenaed by the defendant but was not called to testify.
The jury after hearing plaintiff’s testimony and that of her father returned a verdict for plaintiff.
Our review of the record indicates that there is a reasonable evidentiary basis for the jury’s finding and that there is no manifest error.
We believe that a driver who for some unexplained reason loses control of the automobile and runs off the road is presumptively negligent. Some emphasis has been placed on plaintiff’s testimony that she did not know what the driver did improperly. This statement of opinion by plaintiff does not alter the fact of losing control and running off the road, from which the jury could and did infer negligence. We do not find error.
Costs of the appeal will be taxed half against plaintiff and half against defendant.
Affirmed.
MILLER, J., dissents and assigns written reasons.