# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 06-396

**ILEAN CARMOUCHE, ET AL.**

**VERSUS**

**JEFFERY B. CARMOUCHE, ET AL.**

********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2004-7089-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

********

**JOHN D. SAUNDERS**
**JUDGE**

********

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**

**John Taylor Bennett**
**Bennett Law Offices**
**Post Office Box 275**
**Marksville, LA 71351**
**(318) 253-4631**
**Counsel for Plaintiffs/ Appellees:**
**Ilean Carmouche**
**Jake Carmouche**

**Steven J. Bienvenu**
**Dauzat, Falgoust, Caviness, and Bienvenu, L.L.P.**
**P. O. Box 1450**
**Opelousas, La 70571**
**(337) 942-5811**
**Counsel for Defendants/ Appellants:**
**Louisiana Farm Bureau Mutual Ins.Co.**
**Jeffery B. Carmouche**

**Laurel Irene White**
**Assistant Attorney General**
**P. O. Box 1710**
**Alexandria, LA 71309**
**(318) 487-5944**
**Counsel for Defendant/Appellee:**
**State of LA., DOTD**

**SAUNDERS, Judge.**

Ilean Carmouche, her husband Jeffrey Carmouche, and their minor son, Jake, were returning from a vacation to Holly Beach when Jeffrey Carmouche lost control of the vehicle and the camper he was towing. The camper and the vehicle flipped over on the highway, and became dislodged. After becoming dislodged, the vehicle continued to flip several times before coming to rest in a canal alongside the highway.

Ilean Carmouche filed suit individually and on behalf of her minor son, Jake, against Jeffrey Carmouche, his liability insurer, Louisiana Farm Bureau Mutual Insurance Company, and the State of Louisiana, through the Department of Transportation and Development, for injuries sustained in the accident. Jeffrey Carmouche was later dismissed as Defendant, following a hearing on an Exception of No Right of Action.

The trial court found Jeffrey Carmouche 100% at fault for the accident, and assessed liability against Defendant, Louisiana Farm Bureau. All claims against the State of Louisiana, through the Department of Transportation and Development were dismissed.

**FACTS AND PROCEDURAL HISTORY**

On May 30, 2004, Jeffrey Carmouche, his wife, Ilean Carmouche, and their minor son, Jake, were returning home from a trip to Holly Beach when they were injured in an automobile accident on Louisiana Highway 27 in Cameron Parish. Jeffrey Carmouche was driving his 2000 Mercury Mountaineer when the camper attached to the vehicle began to sway back and forth. He attempted to slow down; however, the camper swayed more, causing him to lose control, and the vehicle and camper began flipping. After the vehicle and the camper flipped once, the camper became dislodged from the vehicle and remained on the highway. The vehicle

continued to flip several more times, eventually coming to rest in a canal along the highway.

As a result of the accident, Ilean Carmouche sustained injuries to her mid and lower back, left arm, left breast, chest, legs, head, left hip, right elbow, and neck. Jake Carmouche, who was asleep in the backseat of the vehicle at the time of the accident, sustained injuries to his neck and back. He also had bruising on his shin, ankle, and left knee as a result of the collision.

On November 9, 2004, Plaintiff, Ilean Carmouche, individually, and on behalf of her minor son, Jake, filed suit in Avoyelles Parish against Jeffrey Carmouche, his insurer, Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau), and the State of Louisiana, through the Department of Transportation and Development (State). In their petition, Plaintiffs alleged the fault and/or negligence of Jeffrey Carmouche for failure to maintain proper control of his vehicle, as well as a right to recover from his liability insurer, Farm Bureau. Additionally, Plaintiffs alleged that the State was negligent in knowingly providing a defective roadway and shoulder which was a cause in fact of the accident.

Defendants, Jeffrey Carmouche and Farm Bureau, filed an Exception of No Right of Action, as well as an Exception of Improper Venue. The State also filed and Exception of Improper Venue.

Plaintiffs responded by filing a First Supplemental and Amending Petition, adding Jeffrey Carmouche as a plaintiff, alleging that Farm Bureau failed to adjust the claim for property damage and medical payment and the alteration of Jeffrey Carmouche's waiver of uninsured/underinsured motorist coverage.

2

In response, Defendants, Jeffrey Carmouche and Farm Bureau, filed Exceptions of No Right of Action, No Cause of Action, Vagueness, and Prematurity. Following a hearing on the aforementioned exceptions, a judgment was signed on January 24, 2005 dismissing Jeffrey Carmouche as Defendant and denying the Exceptions of No Right of Action, No Cause of Action, Vagueness, and Prematurity filed by Farm Bureau. The Exceptions of Improper Venue were also denied, and the State applied for a supervisory writ on the denial of their Exception of Improper Venue.

We denied said writ on June 22, 2005. The State subsequently filed Exceptions of Improper Cumulation of Actions and another Exception of Improper Venue.

The trial court granted the Exception of Improper Cumulation of Actions and transferred the Plaintiffs' case against the State only, to Cameron Parish.

Plaintiffs then filed a Motion for Limited New Trial and Reconsideration. By judgment signed on August 2, 2005, the court reversed its previous ruling, returning the entire case to Avoyelles Parish.

The State applied for supervisory writs, seeking relief in connection with said judgment. On November 18, 2005, we denied the State's writ, and the case came to trial on December 1, 2005. At the outset of the trial, Plaintiffs agreed to a dismissal of all claims against Farm Bureau under the uninsured/underinsured motorist provisions of the policy and under the medical payments portions of the policy, thereby acknowledging that there was no uninsured/underinsured motorist coverage and that all medical payments were made on a timely basis. A Partial Motion to Dismiss was signed on the morning of trial dismissing those claims.

3

At the close of the trial, the court ruled in favor of Plaintiffs, Ilean and Jake Carmouche, and against Defendant, Farm Bureau, finding Jeffrey Carmouche 100% at fault in causing the accident, and awarding Ilean Carmouche $7,000.00 in general damages together with legal interest thereon from the date of judicial demand. Additionally, Jake Carmouche was awarded general damages in the amount of $2,750.00 together with legal interest thereon from the date of judicial demand.

All claims against the State were dismissed. The Judgment was signed on December 2, 2005. Defendant, Farm Bureau, perfected a suspensive appeal by an order signed on February 17, 2006.

Plaintiffs answered the appeal, alleging that the trial court was clearly erroneous in awarded them "grossly insufficient" damages. In their answer, Plaintiffs further sought attorney fees and damages, for frivolous appeal.

**ASSIGNMENTS OF ERROR**

1) The trial court was clearly wrong in finding negligence on the part of the insured driver in this case when the uncontradicted testimony of the witnesses indicated that the sole cause of the accident was the defective condition of the road in question, that Defendant driver had pulled the same camper with the same truck many times previously without difficulty, and that the driver was proceeding well below the posted speed limit when the ruts in the road his camper to sway resulting in the accident.

2) The trial court committed error in awarding "grossly insufficient" damages to Plaintiffs Ilean Carmouche and Jake Carmouche.

4

**STANDARD OF REVIEW**

A trial court's factual determinations are subject to the manifest error standard of review and may not be overturned unless they are found to be "manifestly erroneous" or "clearly wrong." *Rosell v. ESCO*, 549 So.2d 840 (La.1989). In applying the standard, the appellate court must determine not whether the trier of fact's conclusion was right or wrong, but that it was reasonable. *Stobart v. State*, 617 So.2d 880 (La.1993). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous. *Id.* at 880. Therefore, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990).

**LAW AND ANALYSIS**

Defendant, Farm Bureau, asserts one assignment of error. It argues that the trial court committed manifest error in finding Jeffrey Carmouche to be the sole cause of the automobile accident giving rise to this litigation. When a driver loses control of an automobile and runs off the road, the driver is presumptively negligent. *Ardoin v. State Farm*, 302 So.2d 372, 373 (La.App. 3 Cir. 1974). Therefore, in order to exculpate himself from liability, he must prove that he was not at fault for causing the accident. Defendant admits that Jeffrey Carmouche lost control of his vehicle. However, it argues that Jeffrey Carmouche had no reason to expect that an accident of this nature would occur, nor was there anything he could do to prevent the accident from occurring. Plaintiffs counter, asserting that the evidence in the record does not

5

allow Defendant to overcome the presumption of Jeffrey Carmouche's negligence; therefore, it is liable for the damages incurred as a result of his fault.

In this case, it is clear that Jeffrey Carmouche lost control of his vehicle when the trailer he was towing began to sway, eventually causing the vehicle and camper to flip. Deputy Joshua Dupuy with the Cameron Parish Sheriff's Office, the patrol deputy who investigated the accident, testified that after the accident, Jeffrey Carmouche told him, and the accident report reflects, that he lost control of the vehicle, started bouncing back and forth, and was thrown into the canal. Additionally, Ilean Carmouche told Dr. Bryan McCann, her treating physician, that she was injured in a car accident when she was riding in the front passenger seat of an SUV when the driver lost control of the vehicle. Clearly, the evidence in the record supports a finding that the accident occurred as a result of Jeffrey Carmouche losing control of the vehicle. Therefore, he is presumed to be negligent. *Id.*

Defendant, in attempting to overcome the presumption of negligence, argues that the evidence in the record clearly establishes that Jeffrey Carmouche was not negligent, as he could not have foreseen that this accident would have occurred, nor could he have done anything to prevent it. Jeffrey Carmouche testified that he had owned the camper approximately a year and a half and the vehicle approximately one year before the date of the accident. He further testified that he and his family camped a couple weekends a month, and had towed the camper with the vehicle numerous times without experiencing any problems whatsoever.

Defendant further points out that when the camper began to sway, Jeffrey Carmouche was already taking precautionary measures by driving approximately ten to fifteen miles per hour below the posted speed limit, as he knew the condition of the

6

highway was "substandard." He testified that although he slowed down even more after the camper began to sway and tried to apply the brakes to remain in control, he could not have prevented the accident because the vehicle and camper flipped almost immediately.

Defendant asserts that the uncontradicted witness testimony indicates that it was the condition of the highway alone, rather than Jeffrey Carmouche's negligence that led to the accident, and therefore, neither he, nor his liability insurer, should be held liable. At trial, Jeffrey Carmouche stated that, in his opinion, the surface of the roadway was the cause of the accident. He explained, "you got to drive in the groove. It's like a little trail, like a bicycle trail. If your tires get out of the trail, it's going to throw you side to side and that's what happened."

Mr. Max Wiley, who was traveling in the convoy with the Carmouches on their return from Holly Beach, was driving approximately 150-200 feet behind them. He characterized the highway as "[n]ot a real good road." He testified that there may have been some "dips" and "low places" on the highway that caused the Carmouches' vehicle and trailer to bounce. However, Plaintiffs point out that Mr. Wiley was towing " a little old boat trailer with a fourteen foot bass tow with an outboard motor" behind his vehicle, which he testified was not bouncing.

Deputy Dupuy's accident report noted that at the time of the accident, the weather was clear, there were no defects on the vehicle, there were no defects on the roadway, and there was nothing obscuring the driver's vision. He did, however, testify that there was a strong wind blowing from the east when he arrived at the scene of the accident. Max Wiley and Ilean Carmouche also made statements about the strong wind that was blowing at the time of the accident.

7

Defendant argues that there is no evidence that Jeffrey Carmouche did anything wrong to cause the accident at issue; however, there is evidence in the record that indicates that Jeffrey Carmouche did not take all the precautionary measures to avoid the accident.

Louisiana Revised Statutes 32:64(A) states:

> No person shall drive a vehicle on the highway within this state a speed greater than is reasonable and prudent under the conditions and potential hazards then existing, having due regard for the traffic on, and the surface and width of, the highway, and the condition of the weather, and in no event at a speed in excess of the maximum speeds established by this Chapter or regulation of the department made pursuant thereto.

Therefore, a driver has the duty to operate his vehicle at a speed that is reasonable and prudent under the conditions and potential hazards then existing and having due regard for the weather. *Carter v. City Parish Government of East Baton Rouge*, 423 So.2d 1080 (La. 1982). Although he was traveling under the posted speed limit, Jeffrey Carmouche testified that he knew about the condition of the surface of the road, as he had been traveling it for ten years. According to Jeffrey Carmouche, its poor condition was "obvious to anyone who travels the road." Both Max Wiley and Deputy Dupuy testified that there was a strong wind blowing on the day of the accident. Additionally, Ilean Carmouche told Dr. McCann that the accident occurred when they were pulling a camper in heavy wind and the driver lost control. Given this evidence, the trial court found that Jeffrey Carmouche should have noted the unsafe driving conditions and either slowed down more or pulled over until the wind subsided.

Plaintiffs further point out that Jeffrey Carmouche is at fault, as he did not use a pin or safety chains to hook the camper to the vehicle. Defendant counters this

argument, asserting that "there is absolutely no evidence to suggest that the failure to connect the chains or use a cotter pin made any difference whatsoever." The trial court found that although Jeffrey Carmouche's failure to use a cotter pin and chains may not have been a cause of the accident, it was an aggravating circumstance regarding Plaintiffs' injuries.

The issues of whether the presumption of negligence applies and whether there is adequate evidence to overcome the presumption of negligence are fact intensive inquiries and, as such, are subject to the manifest error rule. *Rosell*, 549 So.2d at 844. Our review of the record indicates that there was a reasonable evidentiary basis for the court's finding that Jeffrey Carmouche was the sole cause of the accident. Therefore, we affirm the decision of the trial court in finding Jeffrey Carmouche 100% at fault for the accident, thereby assessing 100% of the liability against Defendant, Farm Bureau.

**ANSWER TO APPEAL**

In their answer to the appeal filed by Defendant, Plaintiffs argue that the trial court committed manifest error in awarding them "grossly insufficient" damages. At trial, Dr. Bryan McCann testified that the first time he examined Ilean Carmouche on June 2, 2004, she had a nine-inch very tender hematoma on the left hip and a three-inch by four-inch hematoma over the right hip, which was also very tender. There was a four-inch by six-inch mild green right lateral elbow, which was tender, and there was tenderness in the left lower back with lumbar spasm. There was also tenderness in the right mid back. She was very tender in the right lateral breast with a five-inch by ten-inch blue green area, and there was tenderness in the posterior neck.

9

An MRI was performed on July 1, 2004, which Dr. McCann testified demonstrated "mild degenerative changes of the L5-S1 disc with defused [sic] posteria bulging and suggestive of a very small focal herniation far lateral posteria on the left as described above . . . . So she had a small herniation in that L5-S1 according to the MRI." Plaintiffs assert that Dr. McCann clearly related this herniation to the accident, and therefore, Ilean Carmouche's injuries clearly exceed general award damages of $100,000.00.

Dr. McCann was asked if Ilean Carmouche had back trouble whether it would be consistent with what was shown on the MRI. He was also asked whether his treatment of Ilean Carmouche was related to the automobile accident. However, he was not asked to, nor did he, testify as to whether the herniation or the degenerative changes of the disc were caused by the accident at issue. Further, he did not testify that the disc injury was a cause of Ilean Carmouche's pain or that surgery would be required in order to repair it. We do not find that the trial court's award of damages to Ilean Carmouche was "grossly insufficient." Moreover, we do not find that the trial court was manifestly erroneous in awarding damages to Ilean Carmouche. Accordingly, we affirm the award of damages by the trial court to Ilean Carmouche.

Plaintiffs also contend that the damages awarded to Jake Carmouche were "grossly insufficient." The trial court awarded Jake $2,750.00 in general damages. However, Plaintiffs claim that "[j]ust the fright this young [sic] sustained is clearly worth more than that ..." Jake Carmouche sustained injuries to his neck, back, and also suffered several bruises to his leg as a result of the accident. Although Plaintiffs contend that the trial court's award was "grossly insufficient," they have offered no

10

evidence to support the contention that the trial court's award of damages was "clearly wrong." In light of the facts, we find the award of damages reasonable. Therefore, we do not find that the trial court was manifestly erroneous in awarding damages to Jake Carmouche. Accordingly, we affirm trial court's award of damages.

**FRIVOLOUS APPEAL**

In their answer, Plaintiffs additionally pray for attorney fees and damages, arguing that Defendant, Farm Bureau, has taken a frivolous appeal. They assert that the driver clearly lost control and the vehicle flipped as a result of his failure to insert the pin and hook the safety chains. The trial court found that while the failure to use a cotter pin and the chain were aggravating circumstances regarding Plaintiffs' injuries, it was not the cause of the accident. Instead, the court determined that Jeffrey Carmouche did not carry his burden of proving that he was free from any negligence.

We find that Defendant raises a viable issue on appeal, as there is evidence in the record that tends to show that the accident could have been caused by the substandard condition of the highway. Although this witness testimony may be negated, we find it to be well-argued and well-presented. Therefore, we do not find that Defendant, Farm Bureau, has taken a frivolous appeal in this case. Accordingly, Plaintiffs are not entitled to recover attorney fees and damages for frivolous appeal.

**CONCLUSION**

Upon review of the record, we do not find that the trial court was manifestly erroneous in holding Jeffrey Carmouche 100% liable for the accident at issue. Therefore, we find that the trial court appropriately assessed all liability to Defendant, Farm Bureau. Further, we find that the trial court was not manifestly erroneous in its

11

award of damages to Plaintiffs, Ilean and Jake Carmouche.  Additionally, we do not find that Plaintiffs are entitled to attorney fees and damages for frivolous appeal. Accordingly, we affirm the decision of the trial court.

**AFFIRMED.**